IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| 21st CENTURY CENTENNIAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 12-0602-WS-C ) |
| AMANDA TAYLOR, | ) ) |
| Defendant. | ) |

**ORDER**

The plaintiff has filed a complaint for declaratory judgment. Subject matter jurisdiction is asserted based on diversity of citizenship.

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010); *accord Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). "[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's, London v. Osting-Schwinn*, 613 F.3d 1079, 1092 (11th Cir. 2010) (internal quotes omitted). Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

According to the complaint, the defendant "seeks compensation from [the plaintiff] in an amount necessary to cover damages alleged to have been received in" a motor vehicle accident. The defendant has made claim under the uninsured/underinsured motorist provisions of her policy. The policy limits for this coverage are $100,000 per individual and $300,000 per accident. "Therefore, [the plaintiff] avers that, based upon

the submitted claim by Defendant Amanda Taylor, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." (Doc. 1 at 2).

As the party invoking federal jurisdiction, the plaintiff bears the burden of demonstrating its existence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). As with subject matter jurisdiction generally, "the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003). That the complaint expressly asserts the amount in controversy exceeds $75,000, (Doc. 1 at 2), does not change this standard in the declaratory judgment context. *SUA Insurance Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1248 (S.D. Ala. 2010).

"When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." *McKinnon Motors*, 329 F.3d at 807 (internal quotes omitted). "In other words, the value of the requested injunctive [or declaratory] relief is the monetary value of the benefit that would flow to the plaintiff if the injunction [or declaratory relief] were granted." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (en banc). In this case, that monetary benefit presumably is the amount the defendant is seeking to recover.[1]

In a previous order, the Court set forth these principles. Because the complaint asserted generally that the amount in controversy exceeds $75,000 but did not reflect the accuracy of this assertion,[2] the Court ordered the plaintiff to file an amended complaint meeting its burden of establishing the existence of subject matter jurisdiction, failing

---

[1] The complaint seeks only a declaration "that [the plaintiff] owes no coverage for the claims made by [the defendant] or as referenced herein." (Doc. 1 at 6).

[2] The plaintiff relied only on the size of the policy limits, but the Court noted that the policy limits "may establish the *most* the defendant *could be* seeking, but they do not demonstrate the *actual amount* the defendant *is* seeking." (Doc. 6 at 2 n.1 (emphasis in original)).

which the complaint would be dismissed without prejudice for want of such jurisdiction. (Doc. 6).

The plaintiff has now filed an amended complaint. The only supplemental allegation is that the defendant, "through her counsel, submitted a written claim for '**all benefits available under these policies**, including liability, uninsured/underinsured motorist coverage, PIP coverage, MED pay if applicable.'" (Doc. 7 at 2 (emphasis in original)). Attached to the amended complaint as Exhibit B is a letter from the insured's counsel to the plaintiff that similarly states, "please know that we will seek all benefits available under these policies," including the coverages listed above.

The plaintiff offers no explanation how this amendment satisfies its burden of showing by a preponderance of the evidence that the monetary value of the benefit flowing to the plaintiff from a declaration of no coverage exceeds $75,000. Had the defendant in Exhibit B demanded policy limits, the defendant's burden likely would be satisfied. But that is not what she did. Instead, she said only that she would seek "all benefits available," and the benefits "available" to her are limited by a number of things, including the extent by which her damages from the accident exceed her recovery from the tortfeasor. The plaintiff has offered nothing to show that the amount of the defendant's damages exceeds $75,000 or that the defendant seeks such an amount.[3]

For the reasons set forth above, this action is **dismissed without prejudice** for want of subject matter jurisdiction.

DONE and ORDERED this 7th day of November, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] This failure is especially curious given that the defendant submitted to the plaintiff her application for benefits and proof of loss form in March 2011. (Doc. 7, Exhibit B). Either that form or information from later communications with the defendant would usually be expected to yield information concerning the claimed amount of insured loss.